UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DYLAN ELY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-171 |
| | § | |
| PENNYMAC LOAN SERVICES, LLC, *et* | § | |
| *al*, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Proceeding *pro se*, Plaintiffs Dylan and Michelle Ely filed this action in state court on May 13, 2019 asserting two claims: (1) wrongful foreclosure and (2) fraud in the inducement. Plaintiffs also request an accounting of the existing mortgage and related charges and a temporary restraining order to prevent the sale of the property at issue. (D.E. 1-4). Defendant PennyMac Loan Services, LLC removed this action on June 17, 2019. (D.E. 1).

On June 28, 2019, Defendant filed a Motion to Dismiss. (D.E. 3). Plaintiffs' response was due on or before July 19, 2019. On July 25, 2019, Plaintiffs filed an unsigned, one paragraph document titled "Plaintiff's Opposition to Defendants Motion to Dismiss Pursuant to FRCP 12(b)(6)." (D.E. 4). This document states, "To date, Plaintiffs have not received Defendants Motions via US Mail as stated in their Declaration of Service attached to the Motion to Dismiss." (D.E. 4). On August 1, 2019, Defendant submitted a reply, again requesting dismissal because Plaintiffs did not

substantively respond to the Motion to Dismiss and also failed to comply with Federal Rule of Civil Procedure 11 by submitting an unsigned document which did not include an address, e-mail address or telephone number. (D.E. 5). Defendant also noted Plaintiffs had failed to include this information in their original filing. (D.E. 5, Page 2).

On August 28, 2019, Defendant filed a Notice of Non-Response indicating Plaintiffs had been served with the Motion to Dismiss on August 13, 2019 at an address identified in the Nueces Appraisal District. (D.E. 7 and D.E. 7-1, Page 2). To date, Plaintiffs have not filed a substantive response to the pending Motion to Dismiss. Further, in the Joint Discovery/Case Management Plan, Defendant indicates Plaintiffs have been unresponsive to requests to confer pursuant to Federal Rule of Civil Procedure 26(f). Additionally, Plaintiffs have failed to provide the Court with their full contact information, including phone numbers, mailing addresses and e-mail addresses.

This case was referred to the undersigned on September 12, 2019. (D.E. 12). On September 19, 2019, Plaintiffs were ordered to show cause why this case should not be dismissed on or before October 1, 2019. Further, Plaintiffs were advised a telephone conference was set for September 25, 2019 at 11:00 a.m. and they must both call in and participate in this conference. Plaintiffs were also ordered to supply the Court with their full contact information. These orders were sent to the address found by Defendant and were not returned as undeliverable.

Plaintiffs were warned that failure to comply with Court orders may result in dismissal for want of prosecution. Fed. R. Civ. P. 41(b). Further, Plaintiffs were also warned that the failure to file a response to a motion will be taken as a representation of

no opposition pursuant to Local Rule 7.4. (D.E. 14, Pages 2-3). Plaintiffs failed to appear at the hearing and have not provided any contact information. Further, Plaintiffs have not filed a response to the order to show cause or the pending Motion to Dismiss. Therefore, it is respectfully recommended that Plaintiff's case be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b); *see also Martinez v. Johnson,* 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

ORDERED this 2nd day of October, 2019.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).